**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————
EDSON DA CRUZ CONCEICAO,          :
                                  :       Civil Action No. 12-4668 (CCC)
Petitioner,                       :
                                  :
v.                                :       **OPINION**
                                  :
ERIC H. HOLDER, JR., et al.,      :
                                  :
Respondents.                      :
———————————————————

**APPEARANCES:**

**EDSON DA CRUZ CONCEICAO**, Petitioner pro se
J#20J-003768
c#384-504 DORM #3
Essex County Correctional Facility
354 DOREMUS AVE.
Newark, New Jersey 07105

**DANIEL S. KIRSCHBAUM**, Counsel for Respondents
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102

**CECCHI**, District Judge

Petitioner, Edson Da Cruz Conceicao ("Petitioner"), is currently being detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") pending his removal from the United States. On or about July 18, 2012, Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention as unconstitutional. Petitioner brings this action against Eric Holder, Jr., Roy L. Hendricks and

John Tsoukaris (hereinafter referred to as "Respondents" or the "Government"). For the reasons stated below, the petition for habeas relief will be denied.

## I. BACKGROUND

Petitioner previously filed a nearly identical petition pursuant to § 2241 challenging his detention. *See Conceicao v. Holder*, Civil Action No. 11-4119 (CCC). This Court stated the facts of Petitioner's case as follows:

> Petitioner is a native and citizen of Brazil who entered the United States on a visitor's visa on or about November 6, 1999. On June 9, 2008, Petitioner was arrested in Fairview, New Jersey, for theft of movable property. On or about September 3, 2009, Petitioner was convicted and incarcerated on that charge. On or about September 9, 2009, Petitioner was charged with removability as a visa overstay. On January 6, 2010, Petitioner filed an application for asylum. On August 5, 2010, an immigration judge found that Petitioner's asylum application was untimely, and ordered him removed to Brazil. On October 19, 2010, the order was affirmed by the Board of Immigration Appeals ("BIA"). Petitioner's appeal to the Third Circuit Court of Appeals was dismissed on June 30, 2011, for failure to prosecute. On November 11, 2010, Petitioner was served with a Warning for Failure to Depart, advising him of his obligation to cooperate with ICE in removal efforts, including his obligation to apply for travel documents and comply with instructions from his consulate or embassy. On April 23, 2011, Petitioner was served with a Decision to Continue Detention, in which he was advised that his removal to Brazil was expected in the reasonably foreseeable future, and therefore he would be kept in detention pending removal. On July 26, 2011, ICE officials completed a post—order custody review on Petitioner, and determined that, since his removal to Brazil was expected in the reasonably foreseeable future, Petitioner would not be released. Petitioner was again informed of his obligation to assist in removal efforts, which he refused to sign. Another post-order custody review was conducted on Petitioner, resulting in a decision to continue detention because of Petitioner's refusal to sign for a travel document at the Brazilian Consulate on August 2, 2011. On September 13, 2011, Petitioner was served with a Notice of Failure to Comply and on September 15, 2011, he was again advised of his obligation to cooperate.

(*Id*. at ECF No. 17)(citations omitted).  In January 2012, this Court entered an Opinion and Order dismissing the first petition, finding that Petitioner had failed to cooperate in his removal and failed to establish that there was no likelihood of his removal in the reasonably foreseeable future. (*Id*.)

On July 26, 2012, Petitioner filed the instant petition, raising essentially the same arguments as those contained in his original petition.  (ECF No. 1.)  On September 12, 2012, a Brazilian consular official interviewed Petitioner and informed ICE that Petitioner would not sign or otherwise consent to the issuance of a travel document until his present habeas petition is adjudicated.  (Resp'ts' Answer, Decl. Gerald Smith ("Smith Decl.) ¶ 24.)  The Consulate also informed ICE that they have a complete file and necessary documents to issue the travel document, but will not do so unless and until Petitioner signs the travel document.  (*Id.* at ¶¶ 24-25.) Petitioner also filed a petition for review of his removal and an "emergency motion" to stay his removal with the Court of Appeals for the Third Circuit on July 31, 2012.  *Conceicao v. Attorney General*, Civil Action No. 12-3133 (3d Cir. 2012).  On September 4, 2012 the Court of Appeals issued an order dismissing the petition for review and denying the motion for a stay.  *Id.*

## II. DISCUSSION

### A. Legal Standard

Petitioner brings this habeas action under 28 U.S.C. § 2241(c)(3), which requires that the petitioner show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Court has subject matter jurisdiction over this Petition because Petitioner was being detained within its jurisdiction at the time he filed his petition, and because Petitioner asserts that his continued detention is not statutorily authorized

3

and is constitutionally impermissible because it violates due process.

**B. Analysis**

Petitioner contends that his prolonged detention without a bond hearing is unlawful and a violation of his rights to procedural and substantive due process. Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within ninety days. However, interpreting the statute to avoid any question of a due process violation, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Clark v. Martinez*, 543 U.S. 371 (2005). Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. *Zadvydas*, 533 U.S. at 699–701.

However, "[t]he removal period shall be extended beyond a period of [ninety] days and the

alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). Federal courts have recognized that "*Zadvydas* does not save an alien who fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) (cited with approval in *U.S. ex rel. Kovalev v. Ashcroft*, 71 F. App'x 919, 924 (3d Cir. 2003).

As stated above, on September 12, 2012, well after this Court had entered its previous Opinion and Order and in spite of this Court's holdings, Petitioner informed a Brazilian consular official that he would not sign or otherwise consent to the issuance of a travel document until his present habeas petition is adjudicated. (Resp'ts' Answer, Smith Decl. ¶ 24.) Petitioner has not denied Respondents' claims about his refusal to sign the documents, nor has he filed any other response to the Respondents' answer.

In a situation such as this, where Petitioner is refusing to sign the necessary travel documents, he has failed to cooperate in his removal and has failed, in this Court, to establish that there is no likelihood of his removal in the reasonably foreseeable future. There is no statutory or due process violation in his continued detention as of this time. However, as Respondents acknowledge, repatriation is a shared responsibility of the government and the alien. Therefore, the petition is denied without prejudice at this time. Petitioner may file a renewed application in the proper jurisdiction, if after full cooperation from Petitioner in meeting the government's clearly

articulated requirements, the government remains unable to effectuate Petitioner's removal.

## III. CONCLUSION

For the reasons stated above, the Petition will be denied without prejudice at this time. An appropriate order follows.

Dated: March 13, 2013

*[signature]*
CLAIRE C. CECCHI
United States District Judge